# IN THE COURT OF APPEALS OF IOWA

-------

No. 25-1725
Filed July 22, 2026

-------

**State of Iowa,**
Plaintiff–Appellee,
v.
**Joseph Ronald Kane,**
Defendant–Appellant.

-------

Appeal from the Iowa District Court for Dubuque County,
The Honorable Monica Zrinyi Ackley, Judge.

-------

**AFFIRMED**

-------

Stuart G. Hoover, East Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

-------

Considered without oral argument
by Chicchelly, P.J., Sandy, J., and Vogel, S.J.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

Joseph Kane appeals the sentence imposed after he pleaded guilty to one count of extortion. On appeal, he argues the district court considered improper sentencing factors from the victim impact statement. Upon our review, we affirm Kane's sentence.

## BACKGROUND FACTS AND PROCEEDINGS

Kane pleaded guilty to extortion, a class "D" felony in violation of Iowa Code section 711.4 (2025). Having originally being charged with extortion and third-degree harassment in violation of Iowa Code section 708.7(1)(b), Kane entered a plea agreement with the State where he agreed to plead guilty to extortion and in exchange the State would dismiss the harassment count and the parties would jointly recommend the imposed sentence be suspended in favor of a two-year term of probation. The court was not bound by the plea agreement.

At sentencing, the victim gave a victim impact statement. Within the statement, the victim outlined the totality of her experiences with Kane, including conduct that was not charged in this case. She also discussed the impact that Kane's conduct has had on her and her family. At the conclusion of the victim impact statement, Kane's attorney objected stating, "Judge, I know you know this, just for the record, anything that [the victim] referenced that he did not plead guilty to is not a sentencing consideration, I'd object to." The court thanked the victim for delivering the statement and then delivered its sentence:

> What I've seen in the presentence investigation report [(PSI)] and read in the minutes of testimony for the extortion provides me with a very clear picture of what Mr. Kane is, has been, and probably will likely continue to be. You have very little respect for the Court system as well as other human beings. Your prior convictions dictate your future.

2

. . . .

> For the extortion you receive a five-year prison term, that is not suspended. As soon as the paperwork is prepared and the sheriff of Dubuque County is able to provide for the transportation, you'll be taken to the [Iowa Medical and Classification Center] for classification until placement can be provided for you. A no-contact order will be imposed for a five-year period. That means that you will not be allowed to have any contact with the named victim through the phone, through any app, through any social media, through any computer, through any third parties. Any of those things will again constitute another violation that you will have to serv[e] a mandatory term on. You will be required to pay the $1,025 fee. I will not suspend that. It will be imposed.

Then in its written sentencing order, the district court noted its reasoning for imposing the prison sentence. The order stated,

> The Court determines that the above sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI, if any. The Defendant's prior criminal record shows he is not amenable to further community based programs.

Kane now appeals.

## DISCUSSION

Kane challenges the sentence imposed by the district court because he argues the court considered improper sentence factors by relying on the victim impact statement. "A sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). "[A] sentencing court abuses its discretion when it relies on improper factors to reach a sentence." *Id.* "A defendant must affirmatively show that the sentencing court relied on

3

improper evidence to overcome this presumption of validity." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

Our supreme court recently addressed the issue of improper sentencing factors contained within a victim impact statement in *State v. Hallock*, 31 N.W.3d 36, 44–45 (Iowa 2026). In *Hallock*, the supreme court noted that "[v]ictim statements are delivered by human beings, not legal automatons." 31 N.W.3d at 44. But as the supreme court noted, the victim impact statement itself does not create an improper sentencing factor, and our review is of the district court's explanation of its sentence. *Id.* at 44–45 ("We will not draw an inference of improper sentencing considerations which are not apparent from the record." (citation omitted)).

Here, the district court's sentence explanation does not mention a reliance on any part of the victim impact statement. The court noted it considered the PSI, "the nature of the offense, defendant's prior record, and the recommendation of the parties." Those sentencing factors are in line with guidance from our supreme court. *See State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). And the district court stated it crafted the sentence "most likely to protect society and rehabilitate the defendant." Such considerations are required by statute. *See* Iowa Code § 901.5.

Because "[t]he court's explanation is complete in itself and does not mention an improper factor," we find the district court did not abuse its discretion when sentencing Kane and affirm the sentence imposed. *See State v. Canady*, 4 N.W.3d 661, 675 (Iowa 2024).

**AFFIRMED.**